UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MURPHY CARTER, ) | |
| ) | |
| Petitioner, ) | CASE NO.   C04-1813-RSM |
| ) | (CR99-580-BJR) |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | REPORT AND RECOMMENDATION |
| ) | |
| Respondent. ) | |
| _____ ) | |

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner currently incarcerated at the U.S. Penitentiary, Victorville in Adelanto, CA. Petitioner has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 2000 sentence. Respondent has filed a response opposing petitioner's motion. Following a careful review of the record, this Court concludes that petitioner's § 2255 motion should be denied.

### BACKGROUND

On June 28, 2000, pursuant to a plea agreement entered into with the government, petitioner pleaded guilty to a charge of transporting a minor in interstate commerce for purposes of prostitution, in violation of 18 U.S.C. § 2423(a). Dkt. # 1, p.1; Dkt. # 9, p.2. In the plea agreement, the parties estimated that a base offence level of 14 and a seven-level adjustment are the applicable calculations. Dkt. # 9, p. 2. The agreement stated

REPORT AND RECOMMENDATION - Page 1

"'defendant understands that these estimates are not binding on the United States Probation Office or the Court.'" *Id.* Additionally the government reserved the right to argue a four-level increase. *Id.* Following the entry of the plea, the United States Probation Officer prepared a draft presentence report where he scored petitioner as a Career Offender based on concluding that the offense of conviction was a "crime of violence." *Id.* Petitioner objected to that conclusion. *Id.* at 3. During sentencing, the Court rejected defendant's argument and found that the offense of conviction was a "crime of violence" and that, as a result, the Career Offender provision applied to defendant. Because the district court found that the Career Offender provision applied, it made no findings with regard to the facts supporting any enhancement. *Id.* Based upon the facts of the case, the defendant's prior history and the application of the Career Offender provision, the Court imposed a sentence of 180 months. *Id.*

Petitioner filed a direct appeal of his sentence arguing that the offense of conviction was not a "crime of violence" and thus, the Career Offender provision did not apply. *Id.* He also argued that the district court erred in denying him a downward adjustment for acceptance of responsibility. *Id.* The Ninth Circuit affirmed the sentence on September 11, 2001. *Id.* The mandate issued on October 3, 2001. *Id.* at 4. Petitioner did not file a petition for writ of certiorari. *Id.* He now seeks relief from his sentence under § 2255. Petitioner argues in his motion that he is entitled to relief under *Blakely v. Washington*, 124 S.Ct. 2531 (2004), because certain factors used to increase his sentence were never decided by a jury or admitted by petitioner during his plea. Specifically, petitioner cites to the following findings by the court: 1) that the offense involved a minor under age of 16 but 12 or over, 2) that petitioner used physical force, coercion by threats, and drugs to commit the offense, and 3) that petitioner's offense was a crime of violence, thus allowing for the Career Offender provision to be applied. Dkt. # 1, p. 2.

REPORT AND RECOMMENDATION - Page 2

The government argues that the motion should be denied because (1) the sentence imposed was entirely determined by the application of the Career Offender provision and not due to any factual findings by the Court, (2) the petition is time-barred because *Blakely* does not apply retroactively to cases on collateral review, and (3) petitioner procedurally defaulted on his claims by failing to raise them on direct appeal. Because the retroactivity issue is clearly dispositive of petitioner's claims, the Court will proceed directly to consideration of that issue.

## DISCUSSION

On June 24, 2004, the United States Supreme Court (hereafter "Supreme Court") issued its opinion in *Blakely*. *Blakely,* 124 S.Ct. 2531. In *Blakely*, the Supreme Court addressed a provision of the Washington Sentence Reform Act that permitted a judge to impose a sentence above the statutory range upon finding, by a preponderance of the evidence, certain aggravating factors which justified a departure from the statutory range. *Id.* The trial court relied upon this provision to impose an exceptional sentence which exceeded the top end of the standard range by 37 months. *Id*. at 2535. The Supreme Court held that this exceptional sentence violated the Sixth Amendment because the facts supporting the exceptional sentence were neither admitted by petitioner nor found by a jury beyond a reasonable doubt. *Id.* at 2537-38. The Court explained that "the 'statutory maximum' for *Apprendi* [*Apprendi v. New Jersey*, 530 U.S. 466 (2000)] purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id*. at 2537 (emphasis in original). The majority in *Blakely* expressed no opinion regarding the application of this opinion to the Federal Sentencing Guidelines.

While petitioner's § 2255 motion was pending before this Court, the Supreme Court addressed the Federal Sentencing Guidelines in *United States v. Booker*, 125 S.Ct.

REPORT AND RECOMMENDATION  - Page 3

738 (2005), and concluded that the Sixth Amendment, as construed in *Blakely*, is applicable to the Federal Sentencing Guidelines. *Booker*, 125 S.Ct. at 745. The Supreme Court remedied the Sixth Amendment problem by excising the provision of the Sentencing Reform Act that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus rendering them advisory only. *Id*. at 764-5.

The question this Court must address is whether the rights recognized in *Blakely*, and now in *Booker*, apply retroactively on collateral review. While the Supreme Court did not address the retroactivity question in either *Blakely* or *Booker*, the Ninth Circuit recently decided that *Blakely* does not apply retroactively on collateral review. *Schardt v. Payne*, 2005 WL 1593468, at *1 (9th Cir. July 8, 2005).

In *Schardt*, the Ninth Circuit analyzed the rule set forth in *Blakely* under *Teague v. Lane*, 498 U.S. 288 (1989), to determine if the rule applied retroactively to cases already final on direct review. Generally, a new rule of constitutional law does not apply retroactively to cases already final unless the rule is substantive or a "watershed" rule of criminal procedure. *Teague*, 498 U.S. at 310. In *Teague*, the Supreme Court announced a three-step analysis in determining the retroactive application of a new rule of criminal procedure to a case on collateral review. *Teague*, 498 U.S. 288.

In applying the three-step analysis[1], the Court in *Schardt* first concluded that petitioner's conviction became final before *Blakely*. Second, the Court concluded that *Blakely* announced a new rule of criminal procedure because the rule "was clearly not apparent to all reasonable jurists, nor was it dictated by precedent." *Schardt*, 2005 WL 159348 at *8. Third, the Court concluded that *Blakely* did not fit into either of the

---

[1] First, the reviewing court must determine when the petitioner's conviction became final. *Schardt*, 2005 WL 159348 at *6 (citing *Beard v. Banks*, 124 S.Ct. 2504 (2004). Second, the court must decide whether the rule is in fact new. *Id.* Finally, if the rule is new, the court must consider whether the new rule falls into one of the two exceptions of non-retroactivity. *Id.*

REPORT AND RECOMMENDATION - Page 4

*Teague* exceptions to non-retroactivity, which include substantive and "watershed" rules of criminal procedure. *Id.* The *Schardt* Court found that the *Blakely* rule was not a substantive rule of criminal procedure because rules that allocate decision making authority between a jury and a judge "are prototypical procedural rules..." *Id.* (quoting *Schriro v. Summerlin*, 124 S.Ct. 2519, 2523 (2004). Also, the Court found the rule was not a watershed rule of criminal procedure because "a change in law requiring that juries rather than judges make the factual findings on which a sentence is based did not announce a watershed rule of criminal procedure." *Id.* (citing or quoting Schriro, 124 S.Ct. at 2524-26). Moreover, "a change in the law requiring juries to find these sentencing facts beyond a reasonable doubt, rather than by a preponderance of the evidence, also ... [did] not announce a watershed rule or criminal procedure." *Id.* (Citing *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002)).

Here, even though petitioner's motion is governed by *Booker* not *Blakely*, *Schardt* is dispositive because even if *Booker* is an extension of *Blakely*, petitioner's conviction became final before *Blakely* was announced, thus precluding retroactive application. It is important to note, however, that the district courts of the Ninth Circuit have consistently held that *Booker* is not an extension of *Blakely* or *Apprendi* and as such is a new rule that does not apply retroactively. *See, e.g.*, *U.S. v. Lopez-Cerda*, 2005 WL 1056658 (E.D. Wash. 2005); *Fain v. United States*, 2005 WL 1111235 (W.D. Wash. 2005); *U.S. v. Brown*, 2005 WL 1259889. Moreover, thusfar, every United States Circuit Court that has considered the issue of the retroactive application of *Booker* has also reached the conclusion that *Booker* does not apply retroactively, *See, e.g., Cirilo-Muñoz v. United States*, 404 F.3d 527, 532-533 (1st Cir. 2005); *Guzman v. United States,* 404 F.3d 139, 143-44 (2nd Cir. 2005); *Lloyd v. United States.*, 407 F.3d 608, 615-616 (3rd Cir. 2005); *U.S. v. Padilla*, 2005 WL 1595291 (5th Cir. 2005); *Humphress v. United States,* 398 F.3d

REPORT AND RECOMMENDATION - Page 5

855, 857 (6th Cir. 2005); *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005); *Never Misses A Shot v. U.S.*, 2005 WL 1569403 (8th Cir. 2005); *United States v. Leonard*, 2005 WL 139183 (10th Cir. 2005); *Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005).

## CONCLUSION

Accordingly, this Court concludes that *Booker* does not apply retroactively to § 2255 cases on initial collateral review and petitioner's § 2255 motion (Dkt. # 1) must be DENIED. A proposed order accompanies this Report and Recommendation.

DATED this 12th day of August, 2005.

/s/ M. J. Benton
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION - Page 6